```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| COY PHELPS,                    ) | |
|                                ) | |
|         Petitioner,            ) | |
|                                ) | C.A. No. 10-40034-NG |
|         v.                     ) | |
|                                ) | |
| JEFFREY GRONDOLSKY,            ) | |
|                                ) | |
|         Respondent.            ) | |

GERTNER, D.J.:

**MEMORANDUM AND ORDER**
March 23, 2010

I.    **INTRODUCTION**

On February 3, 2010, Coy Phelps, a civilly committed person who is confined at FMC Devens, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. A few days later, the Court received the $5.00 fee for filing a habeas petition. The petition has not been served so that the Court may review the petition to determine whether the respondent should be required to reply to the petition. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).[1] For the reasons stated below, the Court denies the

---

[1] See also Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition"). Rule 4 may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005)

petition and dismisses this action.

**II.   BACKGROUND**

In his petition, Phelps challenges the validity of past disciplinary convictions for his alleged failure to produce a urine sample for drug testing.  Phelps represents that these disciplinary convictions resulted in placement in solitary confinement, although he does not state that he is presently in disciplinary segregation.  Phelps contends that he suffers from a medical condition which prevents him from providing urine samples "on demand."  He claims that he has been denied alternative access to alternative means for drug testing.  He also maintains that, because he is not in the prison's general population, he is not subject to random drug testing.

Phelps also challenges the authority of the Bureau of Prisons ("BOP") to confine him.  See Pet. ¶ 2(A), at 2 ("There is no federal statute authorizing unconvicted, and unaccused, civil commitment to be confined in any federal facility . . . .").

In his prayer for relief, Phelps requests "an evidentiary hearing and a reversal on all disciplinary segregation and punishments related to urine testing and issue an order prohibiting urine testing for anyone with urinary problem [sic] and accommodate the disability with alternative methods--blood

---

(district court acted within its discretion by applying Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition).

test."  Pet. at 9.

**III. <u>DISCUSSION</u>**

To the extent that Phelps bases his argument for habeas relief on the contention that no federal law authorizes confinement of a civilly committed person in a federal facility, his argument fails.  He has already unsuccessfully litigated this issue in habeas petitions brought in this District, <u>see, e.g.</u>, <u>Phelps v. Rasmussen</u>, 2007 WL 2827452, at *1, C.A. No. 06-40082-GAO (D. Mass. Sept. 26, 2007); <u>Phelps v. Sabol</u>, 2007 WL 2827460, at **1-2, C.A. No. 05-40042-GAO (D. Mass. Sept. 26, 2007); <u>Phelps v. Channel</u>, 2007 WL 2827465, at *2, C.A. No. 06-40282-GAO (D. Mass. Sept. 26, 2007),[2] and in other circuits, <u>see</u> <u>Phelps v. United States Bureau of Prisons</u>, 62 F.3d 1020 (8th Cir. 1995); <u>Phelps v. United States</u>, 831 F.2d 897 (9th Cir. 1987).  This Court is not required to consider anew this argument.  <u>See</u> 28 U.S.C. § 2244 ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus.").

To the extent that a petition for a writ of habeas corpus is

---

[2]The dismissal of Phelps's habeas petitions was affirmed by the First Circuit.  <u>See</u> App. Nos. 07-2609, 07-2610, 07-2612 (1st Cir. June 25, 2008).

the appropriate vehicle by which to challenge placement in solitary confinement, the petition fails because Phelps does not allege that he is in solitary confinement or that he seeks any other type of release.  Habeas corpus review is available under § 2241 if a person is "<u>in custody</u> in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3) (emphasis added).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  <u>Preiser</u> v. <u>Rodriquez</u>, 411 U.S. 475, 484 (1973).  Phelps does not seek any sort of release from present confinement vis-à-vis the disciplinary convictions arising from his alleged failure to provide urine samples.  Although Phelps alleges that he may, in the future, be placed in solitary confinement for failure to provide a urine sample, this assumption is too speculative to provide a basis for habeas relief.

Finally, Chief Judge Mark L. Wolf of this Court has already ruled that, even if Phelps were currently in disciplinary segregation for the disciplinary convictions of which he complains, the proper vehicle for challenging this confinement would be a non-habeas civil rights action.  See <u>Phelps v. Grondolsky</u>, C.A. No. 09-11485-MLW (Docket Entry #19, Dec. 18, 2009).  Phelps's filing of this habeas petition, after Chief

Judge Wolf's dismissal of a nearly identical habeas petition, appears to be nothing else than an attempt to get a second bite at the proverbial apple.  As with Phelps's argument that the BOP is not authorized to confine him, the Court will not consider an argument for habeas relief that has already been rejected by this Court.  See 28 U.S.C. § 2244.[3]

## IV.  CONCLUSION

Accordingly, the Court denies the petition for a writ of habeas corpus.  This action shall be dismissed.


SO ORDERED.

Date:                                             /s/ Nancy Gertner            
                                             NANCY GERTNER
                                             UNITED STATES DISTRICT JUDGE

---

[3] Further, the Court notes that Phelps's motion to reopen his case is now pending before Chief Judge Wolf.  See Phelps v. Grondolsky, C.A. No. 09-11485-MLW (Docket Entry #24).  In this motion, Phelps raises the argument that a habeas petition is the proper vehicle by which to challenge a disciplinary infraction resulting in solitary confinement.  Requiring the respondent to respond to the same question, in a separate case, would serve no purpose.

5